**Jesse R. STALKER, d/b/a Stalker's Dairy, Plaintiff,**

v.

**Orville FREEMAN, Secretary of Agriculture, United States Department of Agriculture, Defendants.**

**Civ. No. 8920.**

United States District Court
N. D. New York.

Feb. 6, 1963.

John B. Carroll, Syracuse, N. Y., for plaintiff.

Justin J. Mahoney, U. S. Atty., Albany, N. Y., for defendant, George Burke, Asst. U. S. Atty., Irwin Goldbloom, Donald B. MacGuineas, Attys., Dept. of Justice, Joseph A. Walsh, Atty., Dept. of Agriculture, Washington, D. C., of counsel.

BRENNAN, District Judge.

This action, instituted pursuant to statute, seeks to review and set aside the decision of the Secretary of Agriculture, rendered February 16, 1962, through the Judicial Officer of the Department of Agriculture. The decision in effect sustains the cancellation of the plaintiff's designation as a producer-handler of milk products and is the basis of an assessment against the plaintiff in the amount of upwards of $20,000.

A critical study of the action and the facts disclosed in the record has not been made by this court but the crux of the controversy appears to arise out of the following brief statement.

The plaintiff conducts a dairy farm at Ravena, New York. Milk is produced upon the farm, is processed and distributed at retail to householders in the area. On or about September 1, 1958,

the plaintiff, as the owner and operator of the above farm, was designated as a producer-handler and occupied that status until about July 23, 1959 when such designation was cancelled. The basis for the action taken seems to rest in the claim that the plaintiff purchased from outside producers sweet cream in twenty-quart containers and distributed same to the customers, who purchased dairy products from him. The cancellation of plaintiff's status as a producer-handler and the imposition of the assessment seems to have resulted from an assumed validity of the pertinent orders or regulations and a finding that the word "packaged", as used in the Milk Order involved, means a package or container other than that in which the cream was received by this plaintiff.

Plaintiff now moves to remand the proceeding of this action to the Secretary of Agriculture. The bases of the motion seem to rest (a) upon plaintiff's contention that the decision contains no findings or conclusions as to the legal authority of the Secretary to regulate a farmer in the matter of the milk produced upon his own farm and sold directly to the consumer; (b) that there are no findings or conclusions which determine the legality of the procedure involved in the promulgation of the amendment effective September 1, 1958; (c) that the definition of the word "packaged" in paragraph 2 of the conclusions should be clarified in that same is vague, made in the alternative and is insufficient as a guide to producer-handlers who may be involved.

This court is of the opinion that the above contentions have enough substance to warrant the exercise of the court's discretion and to grant the motion to remand at this stage. The motion will therefore be granted, the proceeding remanded for further consideration by the Secretary as to the above matters and as to those which may be more specifically referred to below.

A determination should be made as to whether the petition, filed by the plaintiff, raises issues as to the authority of the Secretary to regulate a producer-handler with respect to the milk produced by him and/or the legality of the procedure involved in the promulgation of the amendment, effective September 1, 1958.

If it is held that the petition does not raise either of the above issues, then any question as to the amendment of the petition and the receipt of additional evidence should be determined on this remand. If it be held that either of the above issues is properly raised, then the fact sources of the Secretary's authority and/or the fact sources, establishing the legality of the amendment, should be found.

The second paragraph of the conclusions in the present decision should be clarified and the word "packaged" defined.

The remand herein is not limited to the items referred to above and additional evidence may be received and other findings and determinations made as the Secretary may deem appropriate, and it is

So ordered.